UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WESLEY CURTIS JONES,

                            Plaintiff,

            -against-

OFFICER MATTHEW CAMERON, Shield or
Badge # 6395; GERALDINE HART, Commissioner
of Police; STEVEN BELLONE, County Executive,

                      Defendants.
----------------------------------------------------------------X

For Online Publication Only

**ORDER**
20-CV-4756 (JMA) (ST)

**FILED**
**CLERK**

12/30/2020 3:42 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Incarcerated pro se plaintiff Wesley Curtis Jones ("Plaintiff") has filed an in forma pauperis complaint against Suffolk County Police Officer Matthew Cameron ("P.O. Cameron")[1], Suffolk County Police Commissioner Geraldine Hart ("Commissioner Hart"), and Suffolk County Executive Steven Bellone ("County Executive Bellone" and collectively, "Defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983").   For the reasons that follow, the application to proceed in forma pauperis is granted, but the complaint is sua sponte dismissed, in part, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

## I.   COMPLAINT

Plaintiff's complaint is submitted on the Court's Section 1983 complaint form and alleges that he was assaulted by P.O. Cameron on May 7, 2020 after being stopped while a passenger in his friend's car.   In its entirety, the fact section of the complaint alleges:[2]

[O]n May 7th, 2020 While riding in the car with Gregg, a fairly close friend, and

---

[1]  By letter dated October 21, 2020, plaintiff requested that the Court substitute P.O. Cameron for the officer identified in the complaint as "John Doe #1."   (See ECF 6.)   That request is granted and the Clerk of the Court shall so amend the caption.

[2]  Excerpts from the complaint are reproduced here exactly as they appear in the original.   Errors in spelling, punctuation, and grammar have not been corrected or noted.

Ex-roommate of mine, who had let his friend drive the car, the Police sought to pull us over, Gregg's friend tried to evade them, going fast and turning down several streets and roads, in a bad attempt to evade or lose the Police.  I am not familiar with the area we were traveling in!  So, eventually the Police call ahead and had a "spike roll-out" set on the roads, placed in front of us!  We were stopped and pulled over.  Gregg's friend the driver of the vehicle once we were stopped immediately got out and ran, I, while attempting to get out of the car tripped on the seat-belt and fell to the ground and rolled onto my side, my left side away from the car, a Latin/Hispanic Police Officer, [P.O. Cameron], came over to me while I was still on the ground, and proceeded to aggressively punch and bash me in the head several times, I attempted to cover my face and head so as to protect myself from any serious injury, but the Officer continued his willful, malicious, assault and kept punching and bashing me in the head even harder several more times, until the point of me passing out, [becoming unconscious], however, I distinctively remember screaming out "why are you doing this to me, I am not resisting, that I am a 61 year old man?" just before I lost, consciousness…   I can't honestly say how long I was being assaulted, or how many blows I sustained, while unconscious!  Your Honorable Justice, even if that Officer thought or believed that I was going to attempt to run like the diver did . . . that is still not a reason or any justification for that officer to abuse, assault, punch, or strike me in the head, in essence, assaulting me or any other civilian, for that matter, *"to the point of unconsciousness" on an elderly, 61 year old person!*  I can't honestly say what happened while I was unconscious, but when I was awaken by different Officers they took us to the Sixth precinct where I notified the Duty Desk Sergeant of the Assault/incident.  I was told by the Desk Sergeant and several officers that they could take me to the Hospital, but that if they did, I" might" or "probably would" most likely be there in the Hospital for a few days, which means that I will miss going to Court and seeing *the Judge* who will R.O.R. me, since we are now in the **Bail Reform era***!*  In fact they stated to me that they have seen guys get ROR with Gun Possession, and much more serious charges than what I am facing, so do I still want to go to the Hospital? Then the [Defendant, P.O. Cameron], Latin/Hispanic Officer who assaulted me and a few of his buddies [fellow Officers], kept saying to me "man-up", "stop being a little girl", "you didn't get hurt that bad" . . .   So I said that I'm a 61 year old male, are you officer's **condoning that kind of behavior**?  Is this **what they teach you all at the Police Academy**?  To assault and punch on the elderly,?

Compl. ¶ II (emphasis in original).  In the space on the form that calls for a description of any

claimed injuries, Plaintiff responded:

This assault/incident took place May 7th, of 2020.  Yet, on July 17th, of 2020 I had surgery conducted to clip an Aneurysm located in the frontal right-side of my head the very area that [P.O. Cameron], the Latin/Hispanic Police Officer punched and bashed me!  My Neurologist strongly feels that that is how I got or gained the

Aneurysm.   It was clipped because the surgeon had to go through my groin with a small camera to take a close look at the Aneurysm to learn that they could only clip it not take it out or remove it. . .   In fact the aneurysm is still in my head, hopefully it will shrink, get smaller and never burst or bust in my head.   The Medical treatment is the surgery, but I am still recovering/healing and experiencing multiple headaches, with life time surgical scars!   I am trying to grow my hair back to cover the surgical incision.

Id. ¶ II.A.   For relief, Plaintiff seeks a compensatory damages award in the total sum of $7 million.

Id. ¶ III.   Plaintiff also seeks to recover an unspecified sum as punitive damages from Commissioner Hart and as exemplary damages from County Executive Bellone.   Id.

## II.   DISCUSSION

### A.   In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this case without prepayment of the filing fee.   28 U.S.C. § 1915(a)(1).   Therefore, Plaintiff's application to proceed in forma pauperis is granted.

### B.   Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."   28 U.S.C. § 1915A(b)(1).   Similarly, pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2)(B).   The Court must dismiss the action as soon as it makes such a determination.   28 U.S.C. § 1915A(b).

3

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the Court is required to read Plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

## C. Section 1983

Section 1983 provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United

4

States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.   In order to state a Section 1983 claim, a plaintiff must allege two essential elements.   First, the conduct challenged must have been "committed by a person acting under color of state law."   Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted).   Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States."   Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).   Moreover, in an action brought pursuant to Section 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation.   Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)).

### 1.   Personal Involvement

Plaintiff names Commissioner Hart and County Executive Bellone as Defendants but does not mention either individual in the body of the complaint, nor are there any factual allegations against either of them.   Indeed, the only mention of both of these individuals is in the "List All Defendants" section and the damages section of the complaint.   (See Compl, ¶¶ I. B, III.)   As noted above, in order to allege a plausible Section 1983 claim, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation.   Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)).   An "individual cannot be held liable for damages under Section 1983 'merely because he held a high

5

position of authority.'"   See, e.g., Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d

107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)).   "Personal

involvement" may be established by evidence of a supervisor's direct participation in the

challenged conduct or "by evidence of an official's (1) failure to take corrective action after

learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the

unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or

(4) deliberate indifference to the rights of others by failing to act on information regarding the

unlawful conduct of subordinates."   Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d

Cir. 2003).   Where a Section 1983 claim fails to allege the personal involvement of the defendant,

it fails as a matter of law.   See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, as is readily apparent, Plaintiff has not alleged any facts from which the Court could

reasonably construe a plausible supervisory liability theory.   Indeed, although Plaintiff names

Commissioner Hart and County Executive Bellone as Defendants, there are no allegations of

conduct or inaction attributable to either of them.   Thus, Plaintiff has not alleged a plausible claim

against Commissioner Hart or County Executive Bellone and these claims are dismissed without

prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).   See Gray v. Nassau Cty. Jail,

No. 20-CV-02585, 2020 WL 4783400, at *3 (E.D.N.Y. Aug. 18, 2020) (sua sponte dismissing

Section 1983 claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b) where plaintiff did not

include any facts from which the Court could plausibly construe a supervisory liability theory).

### 2.    Excessive Force Claim

Plaintiff's excessive force claim against P.O. Cameron shall proceed.   Accordingly, the

Court directs the Clerk of Court to issue a summons to P.O. Cameron and to forward the summons,

the complaint, and this order to the United States Marshal Service ("USMS") for service on P.O.

Cameron forthwith.

### III.     CONCLUSION

For the forgoing reasons, Plaintiff's application to proceed in forma pauperis is granted,

but the claims against Commissioner Hart and County Executive Bellone are dismissed pursuant

to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).   Plaintiff's claims against P.O. Cameron shall proceed.

The Clerk of Court shall issue a summons to P.O. Cameron and forward the summons, the

complaint, and this order to the USMS for service on P.O. Cameron forthwith.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

would not be taken in good faith and therefore in forma pauperis status is denied for the purpose

of any appeal.   See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall mail a copy of this Order to the plaintiff at his address of record.

**SO ORDERED.**

Dated:           December 30, 2020
                 Central Islip, New York                      ___/s/ (JMA)_____
                                                              JOAN M. AZRACK
                                                              UNITED STATES DISTRICT JUDGE